IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MATTHEW ROBERTS, )
)
Plaintiff, )
)
vs. ) Case No. 16-00030-CV-W-ODS
)
ITT TECHNICAL INSTITUTE, et al., )
)
Defendants. )

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand.[1] Doc. #10. The Motion is granted.

I. BACKGROUND

On November 6, 2015, Plaintiff Matthew Roberts ("Roberts") filed this case in the Circuit Court of Jackson County, Missouri, against Defendants ITT Technical Institute, ITT Educational Services, Inc. (collectively the "ITT Defendants"), Barbie Bell ("Bell"), and Erin Sorenson ("Sorenson"). Roberts alleges, and no one disputes, Bell and Sorenson are Missouri citizens. Roberts attempted to serve Bell and Sorenson, but on December 28, 2015, the summonses were returned unserved. On January 12, 2016, the ITT Defendants were served, and on January 15, 2016, the ITT Defendants removed this case to federal court.

II. LEGAL STANDARD

A defendant may remove an action from state court to federal court only when a federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. However, when a case is removed based on diversity, the "forum defendant rule" provides that the case "may not be removed if any of the parties in interest properly

---

[1] Also pending is the ITT Defendants' Motion to Compel Arbitration and Stay Case pursuant to the Federal Arbitration Act ("FAA"). Doc. #13. The FAA does not "'bestow…federal jurisdiction but rather requires an independent jurisdictional basis.'" *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483 (2010) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008)).

joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In the Eighth Circuit, "the violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (quoting *Hurt v. Dow Chemical Company*, 963 F.2d 1142, 1146 (8th Cir. 1992)).

The party seeking "to invoke federal jurisdiction, through removal,…bears the burden of" establishing jurisdiction exists. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The Court is "required to resolve all doubts about federal jurisdiction in favor of remand." *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff argues the case should be remanded because Bell and Sorenson are Missouri citizens, and thus, removal to federal court violates the forum defendant rule. The ITT Defendants, on the other hand, argue that the forum defendant rule applies only to defendants who are both properly joined and served. The ITT Defendants emphasize that while Bell and Sorenson have been joined, they have not been served. In essence, the ITT Defendants argue that an unserved forum defendant may be ignored for purposes of removability. In support of their argument, the ITT Defendants argue that this Court's decision in *Herling v. Thyssenkrup Access Corp.* holding the forum defendant rule was applicable even if the forum defendant has not been served, was based on faulty premises. No. 10-1107, 2011 WL 649021 (W.D. Mo. Feb. 11, 2011).

In *Herling*, this Court noted that if a forum defendant was not served and if the state court dismissed the forum defendant, then the removing defendants could attempt removal. *Id.* at *1. The ITT Defendants argue that conclusion is incorrect because removal would only be proper if the plaintiff voluntarily dismissed the forum defendant. *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d 462, 463 (8th Cir. 1984). However, it is well-settled that an exception to the "voluntary rule" is when a jurisdiction-destroying defendant was fraudulently joined. *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007), *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th

2

Cir. 2006). Thus, if a plaintiff included a forum defendant in the state action to avoid federal court and never served that forum defendant, then the state court may dismiss the forum defendant. While the dismissal by the state court would not be a voluntary action by the plaintiff, the defendant would still be permitted to remove the case to federal court and argue to the federal court that the forum defendant had been fraudulently joined.

Next, this Court determined in *Herling* that if the forum defendant were eventually served, "the case would have to be remanded because all defendants must agree to removal." 2011 WL 649021 at *1. The ITT Defendants maintain this conclusion is incorrect because unserved defendants do not have to consent to removal at the time of removal. While defendants served after the notice of removal has been filed are not required to affirmatively consent to the removal, these defendants must either acquiesce to the removal (by doing nothing) or move to remand the action to state court pursuant to 28 U.S.C. § 1448. Thus, the practical effect is that these defendants do have to consent in order for a removed case to remain in federal court.

The ITT Defendants also observe that the vast majority of other courts have found "that the forum defendant rule applies only if a resident defendant is joined and served at the time of removal."[2] *McGowan v. Kansas City Live Promotional Ass'n*, LLC, No. 12-258, 2012 WL 1715365, at *2 (W.D. Mo. May 15, 2012). However, the vast majority of other courts are within jurisdictions which have determined the forum defendant rule is not jurisdictional. The Eighth Circuit, however, has ruled that the forum defendant rule *is* jurisdictional, and is "not a mere procedural irregularity capable of being waived." *Horton*, 431 F.3d at 605 (internal quotations and citations omitted). Thus, in the same manner in which this Court cannot ignore the presence of a diversity destroying defendant, the Court also cannot ignore the presence of a defendant that violates the forum defendant rule.[3]

---

[2] None of the ITT Defendants' cited cases are binding authority on this Court.
[3] The ITT Defendants also contend that they did not engage in gamesmanship in removing to federal court. The ITT Defendants note that in other cases defendants have removed before the plaintiff had a chance to serve *any* defendants, including the forum defendant. The forum defendant rule is jurisdictional in the Eighth Circuit, and whether the ITT Defendants have participated in gamesmanship has no bearing on whether jurisdiction exists or not.

3

Finally, the ITT Defendants note that Roberts asserts he still intends to serve Bell and Sorenson.  The ITT Defendants argue that there is no judicial authority to remand the case so that Roberts can have more time to serve Bell and Sorenson.  But the Court is not remanding the case so that Roberts has additional time to serve Bell and Sorenson.  Rather, the Court is remanding the case because it lacks jurisdiction due to the presence of forum defendants.  The ITT Defendants also claim Plaintiff's position means that "a served non-forum defendant can never remove a case so long as the plaintiff still intends to serve the forum defendant."  The Court is not persuaded.  The situation the ITT Defendants describe is no different than when a served diverse defendant has to wait and see if the plaintiff will serve a diversity-destroying defendant.  The Court's ruling simply recognizes that there is no difference, and – consistent with *Horton* – treats a forum-defendant the same as a diversity-destroying defendant.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is granted, and the case is remanded to the Circuit Court of Jackson County, Missouri.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 24, 2016    UNITED STATES DISTRICT COURT